IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-229-M-BQ |
| | § | |
| MARTHA CHASE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States District Judge referred this case to the United States Magistrate Judge for pretrial management, including decisions for non-dispositive matters and findings and recommendations as to dispositive matters. ECF No. 5. Pending before the Court are four "Motion[s] for Entry of Agreed Order[s]." ECF Nos. 24, 25, 26, 29.

**I.   Background**

On October 22, 2019, Plaintiff U.S. Bank National Association (U.S. Bank) filed this judicial foreclosure action in its capacity as Trustee for the NRZ Pass-Through Trust IX (B). *See* ECF No. 1. According to the Complaint, Norman and Gladys Sneed executed an Adjustable Rate Note (Note) for a Home Equity Conversion Mortgage (commonly known as a reverse mortgage) in September 2006 on real property located at 300 Willow Valley Road, Gail, Texas 79738 (the Property). Compl. 5, ECF No. 1. Norman and Gladys Sneed have since passed away and U.S. Bank, acting in its capacity as Trustee, now seeks to foreclose on the mortgage and apply such proceeds to the Note. *Id.* at 7, 9. U.S. Bank names as Defendants the nine purported heirs of Norman and Gladys Snead: Martha Chase, Marie Fries, Darcy Ankerman, David Wilson, Diana

1

Smith, Anita Herrick, William Earnest Sneed, LaDonna Kay Yeager, and Saundra Sue Bloom. *Id.* at 2–3.

To date, U.S. Bank has served summonses on eight of the nine named Defendants. ECF Nos. 6–12, 22. The remaining Defendant, Martha Chase, has waived service of process (ECF Nos. 15, 28) but otherwise made no appearance herein. Out of the eight Defendants served, five have not filed answers (Anita Herrick, Marie Fries, Diana Smith, David Wilson, and Darcy Ankerman), and their time to do so has expired. ECF Nos. 6, 8, 11, 12, 22; Fed. R. Civ. P. 12(a)(1)(A)(i). U.S. Bank, however, has not sought entry of default as to these Defendants. William Earnest Snead, Saundra Sue Bloom, and LaDonna Kay Yeager have each filed a pro se answer in which they generally release or forfeit any rights they may have in the Property. *See* ECF Nos. 13, 16, 17.

U.S. Bank has filed four motions asking the Court to enter Agreed Orders granting Judgment in favor of U.S. Bank as to pro se Defendants Bloom, Chase, Sneed, and Yeager. ECF Nos. 24, 25, 26, 29. The proposed Agreed Orders as to Defendants Snead, Bloom, and Yeager, each bearing their notarized signatures (*see* ECF Nos. 24-1, 25-1, 26-1), would allow foreclosure on the Property insofar as the interests of these Defendants are concerned. *Id.* With respect to Defendant Chase, U.S. Bank's original motion and proposed Agreed Order (ECF Nos. 14, 14-1) presented the undersigned with reservations about the authenticity of Chase's signature and whether it satisfied this Court's Local Rules. *See* Status Report Order, ECF No. 18, at 2-4 (advising U.S. Bank of specific concerns and outlining options for proceeding). U.S. Bank responded that it would obtain a notarized signature from Defendant Chase and submit a new Agreed Order. ECF No. 19. U.S. Bank subsequently filed a new proposed Agreed Order on March 20, 2020, bearing Chase's notarized signature. ECF Nos. 29, 29-1.

2

## II. Discussion

The following findings, conclusions, and recommendation (FCR) address two separate issues presently before the Court: (1) proper disposition of pending claims against the five Defendants currently in default, four of whom have been in default for more than ninety days; and (2) the propriety of entering the four proposed Agreed Orders submitted as to Defendants Bloom, Chase, Sneed, and Yeager.

### A. Defendants in Default

The Northern District of Texas Local Rules authorize the presiding judge to require U.S. Bank to seek entry of default and/or default judgment as to any defendant who has been in default for ninety days. *See* N.D. Tex. Local R. 55.1 ("If a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant."). As of February 25, 2020, four non-answering Defendants (Herrick, Fries, Smith, and Wilson) have been in default at least ninety days. ECF Nos. 6, 8, 11, 12 (latest service date November 6, 2019); Fed. R. Civ. P. 12(a)(1)(A)(i) (providing twenty-one days to file a responsive pleading after being served with summons and complaint). Defendant Ankerman defaulted as of March 20, 2020. ECF No. 22; Fed. R. Civ. P. 12(a)(1)(A)(i).

The Local Rules do not permit the undersigned United States Magistrate Judge to enter an order requiring U.S. Bank to seek entry of default and a default judgment. *See* N.D. Tex. Local R. 55.1 (indicating that only the presiding judge may require a plaintiff to move for entry of default and for default judgment). As such, the undersigned recommends that the United States District Judge order U.S. Bank to seek entry of default and default judgment as to Defendants Anita

3

Herrick, Marie Fries, Diana Smith, David Wilson, and Darcy Ankerman[1] within fifteen days of the Court, if it chooses to do so, entering an order accepting the FCR.

### B. *Agreed Orders between U.S. Bank and Defendants Bloom, Chase, Sneed, and Yeager*

U.S. Bank seeks entry of four proposed Agreed Orders. ECF Nos. 24, 25, 26, 29. The orders are substantively identical, with the only modification being the Defendant to which it applies. If entered, the four orders would grant Judgment in favor of U.S. Bank against Saundra Sue Bloom, Martha Chase, William Sneed, and Ladonna Kay Yeager.

Specifically, the proposed Agreed Orders provide that: (1) Norman and Gladys Sneed defaulted on a Texas Home Equity Note, executed on September 13, 2006, payable to Seattle Mortgage Company; (2) the Deed of Trust recorded as Document No. 060595 (Security Instrument) in the real property records of Borden County, Texas, provides U.S. Bank with a first lien security interest in the real property located at 300 Willow Valley Road, Gail, Texas 79738; (3) U.S. Bank is the holder of the Note and beneficiary of the Security Instrument, which is fully enforceable against the Property; (4) the Security Instrument secures the outstanding balance on the Note as well as attorney's fees, pre-judgment interest, post-judgment interest, and court costs; (5) the Security Instrument may be enforced against the Property through non-judicial foreclosure; (6) foreclosure notices may be mailed to respective Defendants at their addresses; and (7) U.S. Bank seeks only judgment to enforce its security interest in the Property and no personal money judgment shall be enforced against Defendants.

When U.S. Bank submitted the first proposed Agreed Order between itself and Defendant Chase, the undersigned found certain phrasing excessively broad and observed that such language could arguably be construed as impacting the rights of parties beyond those of Defendant Chase.

---

[1] While Ankerman has not been in default more than ninety days, judicial economy, as well as U.S. Bank's prudence, would dictate disposing of these claims together.

ECF No. 18. Because the current posture of this case allows the Court to concurrently address the interests of all Defendants herein, this issue has been rendered irrelevant. As such, the undersigned recommends that the District Judge enter the proposed Agreed Orders as to Defendants Bloom, Chase, Sneed, and Yeager[2] *after*: (1) allowing fourteen days for parties to object to the FCR; and (2) U.S. Bank seeks entry of default and a default judgment against the five non-answering Defendants, assuming no objections are filed or, having been filed, are overruled.

The undersigned also originally expressed reservations over Defendant Chase's purported signature on the first Agreed Order submitted by U.S. Bank, and whether the signature complied with this Court's Local Rules. *See id.* As noted above, U.S. Bank has now provided a new proposed order with Chase's notarized signature. *See* ECF No. 29-1. "A notarized certificate of acknowledgment, as exists here, is prima facie evidence that the purported signor 'appeared before a notary and executed the deed in question for the purposes and consideration therein expressed.'" *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15–CV–200–DAE, 2019 WL 1602018, at *6 (W. D. Tex. Mar. 22, 2019) (quoting *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.) (relying, in part, on defendant's notarized signature in granting summary judgment on plaintiff's claim seeking to enforce indemnity agreement). The undersigned therefore also recommends entry of the proposed Agreed Order as to Defendant Chase.

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **ORDER** U.S. Bank to seek entry of default and default judgment as to Defendants Anita

---

[2] The undersigned observes that the notarization certificate of acknowledgment for Ladonna Kay Yeager bears William Sneed's name rather than that of Ms. Yeager. *See* ECF No. 26-1, at 4. While the notary presumably matched the signatory's identification with that of the name on the signature line, this discrepancy nevertheless creates an unnecessary question as to Ms. Yeager's execution of the agreed order. Should the district judge adopt this FCR, the undersigned recommends that such adoption include a requirement that U.S. Bank obtain a new Agreed Order on behalf of Ms. Yeager, bearing a proper certificate of acknowledgment.

5

Herrick, Marie Fries, Diana Smith, David Wilson, and Darcy Ankerman within fifteen days of the Court entering an order accepting the FCR.

The undersigned further recommends that the United States District Judge **GRANT** U.S. Bank's four Motions for Entry of Agreed Orders as to Defendants Saundra Sue Bloom, Martha Chase, William Sneed, and Ladonna Kay Yeager (with U.S. Bank obtaining a properly notarized signature from Ms. Yeager, as detailed in note 2 above) if this FCR is adopted and after U.S. Bank seeks entry of default and a default judgment against the five non-answering Defendants.

## IV.  Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 6, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE