IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-229-M-BQ |
| | § | |
| MARTHA CHASE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States District Judge referred this case to the United States Magistrate Judge for pretrial management, including decisions on non-dispositive matters and findings and recommendations as to dispositive matters. ECF No. 5. Before the Court is Plaintiff U.S. Bank National Association, solely in its capacity as Trustee for the NRZ Pass-Through Trust IX (B)'s (U.S. Bank) "Motion to Substitute Party Plaintiff." ECF No. 43. The undersigned held a status conference regarding this motion on July 10, 2020. ECF Nos. 44, 45. Following the hearing, the undersigned ordered U.S. Bank to submit additional briefing addressing the impact, if any, substituting party plaintiffs would have on: (1) the Agreed Orders (ECF Nos. 34–37) previously submitted by the parties and entered by this Court; and (2) the pending Motion for Default Judgment (ECF No. 40). ECF No. 45.

For the reasons stated herein, the undersigned recommends that the District Judge **GRANT** U.S. Bank's Motion to Substitute Party Plaintiff. ECF No. 43.

## I.   Background

On October 22, 2019, Plaintiff U.S. Bank filed this judicial foreclosure action in its capacity as Trustee for the NRZ Pass-Through Trust IX (B). *See* ECF No. 1. On April 28, 2020,

U.S. Bank filed a Motion for Default Judgment regarding Defendants Herrick, Fries, Smith, Wilson, and Ankerman. ECF No. 40. In reviewing the motion for default, the undersigned discovered a discrepancy between the Complaint and attached exhibits concerning the proper party for pursuing foreclosure. Specifically, the Complaint's caption reflects that U.S. Bank brings this action in its capacity as **Trustee for the NRZ Pass-Through Trust IX (B)**, while other sections of the Complaint, as well as attached exhibits, show that the Loan Agreement giving rise to the claim herein was last assigned to "U.S. Bank National Association, not in its individual capacity but solely as **Trustee for the RMAC Trust Series 2016-CCT**."[1] ECF No. 1, at 6 ¶ 14; ECF No. 1-1, at 30–33. The undersigned directed U.S. Bank to clarify the nature of its trustee-beneficiary relationship herein and upon which trust's behalf U.S. Bank asserts the claim. ECF No. 42. U.S. Bank responded by filing the instant motion. ECF No. 43.

U.S. Bank now asks the Court to substitute the proper party plaintiff, replacing the current plaintiff name with "U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT." *Id.* at 2. In support of its position, U.S. Bank cites Federal Rule of Civil Procedure 17(a)(3), which permits substitution of parties to ensure an action is brought on behalf of the real party in interest. *Id.*; ECF No. 46, at 2. U.S. Bank argues that the Court should permit the substitution because it has made an "understandable mistake" (ECF No. 43, at 2) and the change is a mere formality that does not alter the underlying factual allegations supporting its claim. ECF No. 46, at 2–4. U.S. Bank further states that the substitution would not prejudice any Defendant and that all Defendants remaining in this action have been served with notice of the motion to substitute. *Id.* at 3–4.

---

[1] The Complaint and exhibits differ in the spelling of the trust's name. The exhibits to the Complaint indicate that the trust is the "RMAC Trust Series 2016-CTT." ECF No. 1-1, at 30.

## II. Discussion

The undersigned recommends that the motion be granted. "The purpose of . . . [Rule 17(a)(3)] is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made." *United States ex rel. PBT & JBJ All. v. Frankenmuth Mut. Ins. Co.*, CIVIL ACTION NO. 3:18-CV-2785-B, 2019 WL 1979362, at *4 (N.D. Tex. May 3, 2019) (internal quotation marks omitted). "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Civil Action Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 6389547, at *3 (N.D. Tex. Nov. 23, 2004) (internal quotation marks omitted).

In this case, there is no reason to believe the change in party plaintiff is anything more than a formality. The identity of the trust for which U.S. Bank acts does not change any material allegation pertaining to its right for relief. While this is not U.S. Bank's first notable misstep in prosecuting this action (*see* ECF No. 42, at 1–2), the undersigned does not believe it is necessary to dismiss the action and force U.S. Bank to begin anew. In addition, although not raised or argued by U.S. Bank, it appears Rule 17(a)(1)(E) authorizes U.S. Bank, as "a trustee of an express trust," to sue in its own name "without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(E); *see Wells Fargo Bank, N.A. v. Premier Hotels Grp., LLC*, No. 3:14-CV-56, 2015 WL 404549, at *7 (M.D. Pa. Jan. 29, 2015) (finding bank to be the "real party in interest under Fed. R. Civ. P. 17(a)(1)(E)" where it sought to foreclose mortgage under servicing agreement that made it the "trustee of an express trust"). As such, Rule 17(a)(1)(E) would authorize U.S. Bank to pursue foreclosure in this matter simply in its name, despite naming the incorrect "person for whose benefit the action is brought."

The undersigned also notes that Federal Rule of Civil Procedure 9(a)(2) requires that any dispute concerning a party's capacity to sue—either on its own behalf or in a representative capacity—must be raised by a specific denial. The defaulting Defendants, with the exception of Defendant Ankerman, were served in October and November 2019, and have had eight months to dispute any aspect of U.S. Bank's allegations, including its capacity to enforce the security interest at issue herein. Defendant Ankerman received service of process in February 2020 and has had nearly five months to challenge U.S. Bank's assertions. None of the Defendants have done so.

For the foregoing reasons, and to avoid unnecessary confusion, the undersigned recommends that U.S. Bank's motion to substitute be granted. On these same bases, the undersigned finds that substituting the correct party plaintiff would have no prejudicial impact upon the pending Motion for Default Judgment.[2] In addition, the defaulting Defendants have received notice of this pending motion and U.S. Bank's briefing. ECF No. 43, at 4; ECF No. 46, at 6.

The undersigned does, however, have concerns regarding the effect substituting the party plaintiff has on the Agreed Orders already submitted by U.S. Bank and entered by this Court.[3] ECF Nos. 34–37. Each of the Agreed Orders explicitly grants judgment to U.S. Bank in its capacity as Trustee for the NRZ Pass-Through Trust IX (B). *Id.* This creates an unnecessary risk of confusion during and after the foreclosure process concerning the Agreed Orders and relief authorized therein. As such, the undersigned recommends that the District Judge vacate the previous Agreed Orders submitted by U.S. Bank, and order U.S. Bank to submit new Agreed Orders that incorporate the proper party plaintiff's name. Alternatively, if the District Judge finds

---

[2] The undersigned has filed a separate FCR of even date recommending granting U.S. Bank's pending motion for default once the party substitution issue has been resolved.

[3] The Court expressly ordered U.S. Bank to address this issue in its briefing, but it failed to do so. ECF No. 45.

that ordering new Agreed Orders is unnecessary, the undersigned recommends that the District Judge order the Clerk of Court to attach as an exhibit to each of the Agreed Orders a copy of this Court's order substituting the correct party plaintiff.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **GRANT** U.S. Bank's "Motion to Substitute Party Plaintiff." ECF No. 43. The undersigned further recommends that the United States District Judge vacate the Agreed Orders previously submitted by U.S. Bank and **ORDER** U.S. Bank to submit new Agreed Orders that incorporate the proper party plaintiff's name. Alternatively, the undersigned recommends that the United States District Judge **ORDER** the Clerk of Court to attach as an exhibit to each of the Agreed Orders (ECF Nos. 34–37) the order substituting the proper party plaintiff.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 4, 2020

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE