IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-229-M-BQ |
| | § | |
| MARTHA CHASE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States District Judge referred this case to the United States Magistrate Judge for pretrial management, including decisions on non-dispositive matters and findings and recommendations as to dispositive matters. ECF No. 5. Before the Court is Plaintiff U.S. Bank National Association, not in its individual capacity but solely as trustee for the NRZ Pass-Through Trust IX (B)[1] (U.S. Bank) "Motion for Default Judgment as to Defendants Anita Herrick, Marie Fries, Diana Smith, David Wilson, and Darcy Ankerman," filed April 28, 2020. ECF No. 40. Defendants have not responded to the motion or otherwise appeared in this action. Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge **GRANT** U.S. Bank's Motion for Default Judgment.

---

[1] This motion was originally filed by U.S. Bank National Association, solely in its capacity as Trustee for the NRZ Pass-Through Trust IX (B), but the undersigned, by a separate Findings, Conclusions, and Recommendation filed of even date, has recommended that the District Court grant a motion to substitute the proper party plaintiff, i.e., RMAC Trust, Series 2016-CTT, to reflect the proper trust for which U.S. Bank is acting. ECF No. 47.

1

I. **Background**

A. **Factual Background**

On October 22, 2019, Plaintiff U.S. Bank filed this judicial foreclosure action in its capacity as Trustee for the NRZ Pass-Through Trust IX (B). *See* ECF No. 1. Since then, U.S Bank has filed, and the undersigned has recommended that the District Court grant, a motion to substitute the correct party plaintiff. ECF No. 47. If granted, U.S. Bank would be pursuing this action in its capacity as Trustee for the RMAC Trust, Series 2016-CTT.

U.S. Bank seeks foreclosure on real property located at 300 Willow Valley Road, Gail, Texas 79738. Compl. 5 ¶ 9, ECF No. 1.[2] The property is more particularly described as follows:

> Being a 2 acre tract of land out of the Northeast corner of Section No. 37, in Block No. 31, T-5-N, T&P Ry. Co. Survey, Borden County, Texas, and being more particularly described by metes and bounds as follows, to-wit:
>
> BEGINNING at the Northeast corner of said Section 37 for the Northeast corner of this tract;
> THENCE in a Southerly direction along the East Boundary Line of said Section 37, a distance of 47.2 vrs to a point for the Southeast corner of this tract;
> THENCE in a Westerly direction, parallel with the North line of said Section 37, a distance of 237.6 vrs to a point for the Southwest corner of this tract;
> THENCE in a Northerly direction, parallel with the East Boundary Line of Section 37, a distance of 47.2 vrs to a point in the North Boundary Line of said Section 37 for the Northwest corner of this tract;
> THENCE in an Easterly direction along the North Boundary Line of said Section 37, a distance of 237.6 vrs to the place of beginning, containing 2 acres of land, more or less.
>
> The above property also being described as all of the North 2 acres of that certain 5 acre tract described in Warranty Deed dated February 26, 1965 from Sadie Smith Cox to Norman D. Sneed and wife, Bonnie Sneed, recorded in Volume 116, Page 215, Deed Records, Borden County, Texas.
>
> NOTE: The Company is prohibited from insuring the area or quantity of the land described herein. Any statement in the above legal description of the area or quantity of land is not a representation that such area or quantity is correct, but is

---

[2] The paragraph numbering in U.S. Bank's Complaint loses continuity starting on page 4, in which it transitions from paragraph 14 to paragraph 5. Citations to the Complaint's paragraphs will reference both page number and paragraph number where necessary.

> made only for information and/or identification purposes and does not override Item 2 of Schedule B hereof.

*Id.* at 5 ¶ 10 (the Property). According to the Complaint, Norman and Gladys Sneed (the Borrowers) executed an Adjustable Rate Note (Note) for a Home Equity Conversion Mortgage on or about September 13, 2006, in favor of Seattle Mortgage Company (SMC) in the principal amount of $151,650.80. *Id.* at 5 ¶ 9; Compl. Ex. A, at 2–7, ECF No. 1-1. The Borrowers contemporaneously executed an Adjustable Rate Home Equity Conversion Deed of Trust (Security Instrument) that granted a security interest in the property to SMC. Compl. 5; Compl. Ex. B, at 9–20, ECF No. 1-1. Under the terms of the Note and Security Instrument (collectively, the Loan Agreement), the "Lender may require immediate payment in full of all outstanding principal and accrued interest if: (i) All Borrowers die . . . ." Compl. Ex. A, at 5. The Note further states that "Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument (Property)." *Id.* at 3. As a condition of the loan, the Note required the Borrowers to "repair and maintain the Property, pay taxes and assessments on, or insure, the Property, as well as maintain title in the Property for the life of the Borrowers." Compl. 7 ¶ 16. According to the Complaint, the Loan Agreement provides that failure to comply with the Security Instrument's covenants and conditions, "or upon the death of the Borrowers," the lender "may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement." *Id.* at ¶ 17. The Note states that the "Lender may require immediate payment in full of all outstanding principal and accrued interest" upon the death of the Borrowers or if the Borrowers "default[] on an obligation specified in the Loan documents to repair and maintain, pay taxes and assessments on, or insure, the Property." Compl. Ex. A, at 5.

SMC assigned the Loan Agreement to Bank of America, N.A., on December 6, 2012, under an Assignment of Deed of Trust filed in the public records of Borden County, Texas. Compl. 6 ¶ 11; Compl. Ex. C, at 22–24, ECF No. 1-1. Bank of America, N.A., then assigned the Loan Agreement to Champion Mortgage Company under an Assignment of Deed of Trust filed in the public records of Borden County, Texas, on January 22, 2013. Compl. 6 ¶ 12; Compl. Ex. C, at 25–27. Thereafter, Champion Mortgage Company assigned the Loan Agreement to the Secretary of Housing and Urban Development under a Transfer and Assignment filed in the public records of Borden County, Texas, on October 13, 2015. Compl. 6 ¶ 13; Compl. Ex. C, at 28–29. Finally, The Secretary of Housing and Urban Development assigned the Loan Agreement to U.S. Bank, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CCT, under an Assignment of Security Instrument filed in Borden County, Texas, on December 12, 2017. Compl. 6 ¶ 14; Compl. Ex. C, at 30–31. According to U.S. Bank's Complaint, an assignment from the RMAC Trust, Series 2016-CCT to U.S. Bank, is "currently pending." Compl. 6 ¶ 14.[3] U.S. Bank states that it "is the current legal owner and holder of the Note." *Id.* at 6 ¶ 15.

U.S. Bank alleges that the Borrowers passed away on December 26, 2010, and January 12, 2016, with no subsequent probate proceedings being opened. *Id.* at 7 ¶ 18. U.S. Bank states that Defendants Martha Chase, Marie Fries, Darcy Ankerman, David Wilson, Diana Smith, Anita Herrick, William Earnest Sneed, LaDonna Kay Yeager, and Saundra Sue (Sneed) Bloom are all of the Borrowers' known heirs who share an interest in the property following the Borrowers' deaths. *Id.* On June 11, 2018, U.S. Bank, through attorneys retained by U.S. Bank's mortgage

---

[3] Based on the record before the Court such an assignment or transfer is presumably for the purpose of making U.S. Bank the owner in fact of the mortgage instead of merely a trustee acting on behalf of RMAC.

servicer, sent to the Borrowers' last known address a Notice of Default and Intent to Accelerate.[4] *Id.* at 7 ¶ 19; Compl. Ex. D, at 35–42, ECF No. 1-1. On July 12, 2018, U.S. Bank, again through attorneys retained by U.S. Bank's mortgage servicer, mailed to the Borrowers' last known address, as well as to the home addresses of Defendants Bloom, Sneed, and Yeager, a Notice of Acceleration of Loan Maturity, stating that the maturity date of the Note had been accelerated. Compl. Ex. E, at 44–53, ECF No. 1-1. Only the notices mailed to the Borrowers, however, explained that the Note's maturity date was accelerated due to a default by the Borrowers and a failure to cure the default.[5] *Id.* at 49, 51. U.S. Bank now seeks to foreclose on the mortgage and apply such proceeds to the Note. Compl. 8–10.

### B. Procedural Background

The following Defendants have been personally served with process at their dwelling or usual place of abode: Anita Herrick on October 24, 2019 (ECF No. 6); Saundra Sue (Sneed) Bloom on October 23, 2019 (ECF No. 7); Marie Fries on October 25, 2019 (ECF No. 8); Ladonna Kay Yeager on October 30, 2019 (ECF No. 9); William Earnest Sneed on October 25, 2019 (ECF No. 10); and Diana Smith on October 26, 2019 (ECF No. 11). Defendant Martha Chase waived service of process on October 28, 2019, and again on January 21, 2020. ECF Nos. 15, 28. Defendant David Wilson was served on November 6, 2019, when a summons and copy of the Complaint were left with Antonie Wilson, David Wilson's spouse, at David Wilson's dwelling or

---

[4] The record shows that these notices were sent to the Borrowers' address after they passed away. As explained more fully in footnote 12, such notice is sufficient under Texas law to permit foreclosure.

[5] The "default" triggering the intent to accelerate the loan appears not to have been the death of the Borrowers, but instead a failure to pay applicable property taxes. *See* Compl. Ex. D, at 36 and 40 (informing Borrowers that "[y]ou are hereby notified a default exists under the terms of your Note for failure to pay taxes and/or insurance for the property secured by the loan," and providing an opportunity to cure the default by paying applicable property taxes). The Note provides that failure to pay property taxes is grounds for requiring immediate payment of the loan. Compl. Ex. A, at 5. In any event, the record reflects that U.S. Bank sent notice of both the default and acceleration of the loan for a reason authorized by the Note, thereby supporting a grant of default judgment. *See* Compl. Exs. D–E, at 36, 40, 49, 51.

usual place of abode. ECF No. 12. Defendant Darcy Ankerman was served with process on February 28, 2020, when a summons and copy of the Complaint were left with William Ankerman, Darcy Ankerman's spouse, at Darcy Ankerman's dwelling or usual place of abode. ECF No. 22.

Defendants Bloom, Sneed, and Yeager filed answers within twenty-one days of service. ECF Nos. 13, 16, 17. Defendants Bloom, Sneed, Yeager, and Chase subsequently entered into agreements with U.S. Bank and signed agreed orders for entry of judgment against them. ECF Nos. 24, 25, 26, 29. On April 27, 2020, the Court entered judgment against Defendants Bloom, Sneed, Yeager, and Chase pursuant to their agreed orders with U.S. Bank. ECF Nos. 34–37. The remaining Defendants (Herrick, Fries, Smith, Wilson, and Ankerman) have neither answered nor filed a responsive pleading within twenty-one days of service and, to date, have not entered any appearance in this action. On April 27, 2020, the Court ordered U.S. Bank to seek entry of default against these Defendants and to file a motion for default judgment within fifteen days of the order. ECF No. 33. On April 28, 2020, U.S. Bank asked the Clerk to enter default against Defendants Herrick, Fries, Smith, Wilson, and Ankerman and also filed this Motion for Default Judgment. ECF Nos. 39, 40. The Clerk entered default on April 29, 2020. ECF No. 41.

## II. Discussion

### A. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Once the clerk has entered default, "a plaintiff may apply to the district court for a judgment based on such default." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018), *R. & R. adopted by* 2019 WL 399900 (N.D.

Tex. Jan. 31, 2019). Initially, a plaintiff must establish that: (1) the defendant has been served with summons and the clerk entered default against the defendant; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or otherwise subject to the Servicemembers Civil Relief Act; and (4) the defendant was provided with notice of the motion for default judgment. *See* 50 U.S.C. § 3931; Fed. R. Civ. P. 55; *Kingman Holdings*, 2018 WL 7150247, at *2. In considering whether to enter default judgment, a court should first consider whether such entry is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the plaintiff clearly established the grounds for default; (4) whether the defendant's default was caused by good faith mistake or excusable neglect; (5) the harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.* The court retains discretion whether to enter default judgment against a defendant. *Id.*

After the court has determined that the plaintiff has met the procedural requirements for default judgment, it must next "assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *Bokf, N.A. v. Logan*, Civil Action No. 3:19-CV-2910-B, 2020 WL 1470803, at *2 (N.D. Tex. Mar. 26, 2020) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Stated differently, when a defendant defaults, the plaintiff's well-pleaded allegations of fact concerning liability are deemed admitted. *Kingman Holdings*, 2018 WL 7150247, at *3 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th

Cir. 2002)). But "the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted." *Id.*

Rule 8 of the Federal Rules of Civil Procedure informs this analysis. "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten*, 788 F.3d at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). Although a plaintiff need not plead "detailed factual allegations," it "must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B. Analysis**

*1. U.S Bank has satisfied the procedural requirements for obtaining default judgment.*

U.S. Bank has satisfied the procedural requirements of Rule 55. Defendants Anita Herrick, Marie Fries, Diana Smith, David Wilson, and Darcy Ankerman (Defendants) were served according to law but have failed to answer or otherwise respond within the time required, and the Clerk of Court has entered default against them. *See* ECF Nos. 6, 8, 11, 12, 22, 41. U.S. Bank has also established that Defendants are not minors, incompetent persons, or currently engaged in military service, as required by Rule 55 and 50 U.S.C. § 3931. *See* ECF No. 40-1, Exs. A, A-1. Finally, U.S. Bank served Defendants with notice of this Motion for Default Judgment at their home addresses by certified mail and regular U.S. mail. *See* ECF No. 40, at 7.

In addition, all of the *Lindsey* factors favor granting default judgment. Defendants have filed no responsive pleadings; therefore, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (explaining that "[t]he defendant, by his default, admits the

plaintiff's well-pleaded allegations of fact"). Second, Defendants' failure to answer or otherwise "respond has brought the adversary process to a halt, effectively prejudicing [U.S. Bank's] interests." *United States v. Fincanon*, No. 7:08–CV–61–O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893). In addition, Defendants' default has been clearly established through their failure to respond and the entry of default by the Clerk. *Logan*, 2020 WL 1470803, at *3 (citing *Lindsey*, 161 F.3d at 893). With respect to the fourth and fifth *Lindsey* factors, Defendants have not filed an answer despite being served with the Complaint more than five months ago,[6] and there is no evidence to suggest that their failure to respond is a result of a good faith mistake. "[T]heir failure to respond mitigates the harshness of a default judgment." *Id.* (internal quotation marks and alterations omitted). Finally, the record contains no facts supporting a good cause reason to set aside the default were Defendants to challenge it. Because U.S. Bank has satisfied all of the procedural requirements for default judgment, the Court evaluates whether U.S. Bank's pleadings state a claim for relief.

    2. *U.S. Bank's pleadings present sufficient basis for entry of judgment.*

U.S. Bank asks the Court to enter default judgment against Defendants Herrick, Fries, Smith, Wilson, and Ankerman by permitting foreclosure through the power of sale.[7] Compl. 10;

---

[6] Defendant Ankerman was served on February 28, 2020. ECF No. 22. All other remaining Defendants were served no later than November 6, 2019. *See* ECF Nos. 6, 8, 11, 12.

[7] Discrepancies exist between the relief sought in U.S. Bank's Complaint and its Motion for Default Judgment. For example, the Complaint requests both a writ of possession and a finding that U.S. Bank has a statutory probate lien against the property, but the motion seeks neither. *Compare* Compl. 10, *with* Mot. for Default J. 5, ECF No. 40 [hereinafter Mot.]. U.S. Bank's motion similarly requests declarations not sought in the Complaint, specifically that the Security Instrument secures: "(a) the outstanding balance of the *Adjustable Rate Note*; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court." *Compare* Mot. 5, *with* Compl. 8–10. As set forth in Footnote 10, the uncontested allegations and record support a declaration that U.S. Bank holds a statutory probate lien on the Property. Further, Texas law entitles U.S. Bank to a writ of possession. *See infra*, p. 11. As for U.S. Bank's request for a declaration regarding what is secured by the Security Instrument, the Loan Agreement shows that the Security Instrument secures:

> (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of ONE HUNDRED FIFTY ONE THOUSAND SIX HUNDRED FIFTY AND 00/100 Dollars (U.S. $151,650.00); (b) the payment

Mot. for Default J. 5, ECF No. 40 [hereinafter Mot.]. Specifically, U.S. Bank seeks to enforce its rights under the Loan Agreement through foreclosure or public auction under Texas Property Code § 51.002. Compl. 10; Mot. 5. To grant U.S. Bank's request for judgment permitting foreclosure through a power of sale, it must adequately allege and prove four elements: "(1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration." *Ocwen Loan Servicing, LLC, v. Deane*, Civil Action No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)), *R. & R. adopted by* 2018 WL 309105 (N.D. Tex. Jan. 5, 2018).

Construing the record as a whole, including U.S. Bank's Complaint, motion, and attached exhibits, U.S. Bank has satisfied the required four elements. U.S. Bank has provided a copy of the executed Note, with a remaining unpaid balance, demonstrating that a debt exists. Compl. Ex. A.

The second element, while requiring more in-depth analysis, nevertheless has been established by U.S. Bank. The Court first notes that U.S. Bank has provided a copy of the Security Instrument (Compl. Ex. B),[8] thus demonstrating that the debt is secured by a lien on the Property

---

of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.

Compl. Ex. B, at 9–10. The Security Instrument further provides that, in the event of foreclosure, "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 21, including, but not limited to, reasonable attorneys' fees." *Id.* at 15. Although U.S. Bank did not include this declaration request in its Complaint, such a declaration is a natural and necessary consequence of an order permitting it to foreclose on the Property, given the remedy sought and the contents of the Loan Agreement.

[8] The record and uncontested allegations in U.S. Bank's Complaint demonstrate that it is the mortgagee as well as owner, holder, and beneficiary of the Loan Agreement (including the Security Instrument). *See* Compl. 5-6; Compl. Exs. A-C (demonstrating assignment and transfer of the Loan Agreement to U.S. Bank, as Trustee for the RMAC Trust).

in accordance with Article 16, Section 50(a)(6) of the Texas Constitution.[9] Further solidifying U.S. Bank's position in this regard is the fact that the Complaint shows U.S. Bank has a statutory probate lien against the Property under the Loan Agreement and Texas Estate Code §§ 101.001(b) and 101.051, which provide that a decedent's estate and its debts immediately pass to the decedent's heirs. Compl. 7 ¶ 18, 8–9 ¶ 26; *see* Tex. Est. Code Ann. §§ 101.001(b), 101.051; *Deane*, 2017 WL 6816499, at *3. "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Deane*, 2017 WL 6816499, at *3 (citing *Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ)). Although U.S. Bank has not provided death certificates for either of the Borrowers, it does allege in its Complaint that the Borrowers passed away on December 26, 2010, and January 12, 2016. Compl. 7 ¶ 18. The Court may accept this allegation as true because Defendants have defaulted. *See Kingman Holdings*, 2018 WL 7150247, at *3 ("A default causes all well-pleaded allegations of fact related to liability to be deemed admitted."). Thus, the District Judge should grant U.S. Bank's request for a declaration of its statutory probate lien.[10] Compl. 8–9 ¶ 26.

As a related matter the undersigned also notes that U.S. Bank's Complaint requests "[a] writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave

---

[9] "Section 51.002 of the Texas Property Code provide[s] for the sale of real property pursuant to a security instrument with a power of sale." *Deane*, 2017 WL 6816499, at *3.

[10] U.S. Bank's Motion for Default Judgment does not specifically include among its requests for relief a declaration that it possesses a statutory probate lien on the Property. *See* Mot. 5. It does ask the Court, however, to enter judgment declaring that it "may foreclose on Defaulting Defendants' interest on the Property pursuant to the Note and the Deed of Trust." *Id.* The Court does not deem this omission fatal to U.S. Bank's request for foreclosure by default judgment because the record and uncontested allegations reflect that U.S. Bank (1) may foreclose under the security instrument and (2) in fact possesses a statutory probate lien on the property by operation of law. *See Janes v. Com. Fed. Sav. & Loan Ass'n*, 639 S.W.2d 490, 491 (Tex. App.–Texarkana 1982, writ ref'd n.r.e. 1983) (holding that debts against an estate constitute a statutory lien that arises at the moment of death) (citations omitted); *see also Deane*, 2017 WL 6816499, at *3 (recognizing and granting statutory probate lien based on statutory authority, i.e., §§ 101.001(b) and 101.051(b)(1)).

the Property after foreclosure or auction." Compl. 10. This Court has previously observed that Texas Rule of Civil Procedure 310 "provides that upon rendering a judgment of foreclosure, the party seeking to foreclose on the property is entitled to a writ of possession." *Smallwood v. Willow Way, LLC*, No. 3:17-cv-242-G-BN, 2017 WL 3172847, at *2 (N.D. Tex. June 20, 2017) (internal quotation marks omitted), *R. & R. adopted by* 2017 WL 3158876 (N.D. Tex. July 25, 2017). As such, the District Court should also issue a writ of possession.[11]

Concerning the third element, U.S. Bank has demonstrated that Defendants Herrick, Fries, Smith, Wilson, and Ankerman, as heirs-at-law, are in default on the Loan Agreement. Specifically, U.S. Bank provided a copy of the Note Borrowers originally executed. Compl. Ex. A. U.S. Bank has provided evidence of Borrowers' default on the Note, as reflected by the Notice of Default and Intent to Accelerate dated June 11, 2018, which stated that the total balance due as of the date of the notice was $110,546.10. Compl. Ex. D. Because Borrowers allegedly died intestate and no probate administration was ever opened, Defendants Herrick, Fries, Smith, Wilson, and Ankerman acquired the Borrowers' interest—and their debt—in the Property under Texas law. *See* Compl. 1–2 ¶¶ 2–4, 7 ¶¶ 18–19; *see also* Tex. Est. Code Ann. §§ 101.001(b), 101.051(b)(1). Thus, U.S. Bank has established that Defendants Herrick, Fries, Smith, Wilson, and Ankerman are in default. Finally, U.S. Bank has shown that it complied with the notice requirements contained within the Loan Agreement and the Texas Property Code when its mortgage servicer, Rushmore Loan Management Services, LLC, sent written notices of default on June 11, 2018, and of acceleration on July 12, 2018, to Borrowers' address of record.[12] Compl. Exs. D, E.

---

[11] Just as with U.S. Bank's request for a declaration that it has a statutory probate lien, U.S. Bank failed to specifically request a writ of possession in its Motion for Default Judgment. *See* Mot. 5. Nonetheless, because Texas law expressly provides for the writ upon foreclosure, the undersigned recommends that it should issue.

[12] U.S. Bank has not supplied evidence showing that it notified Defendants Herrick, Fries, Smith, Wilson, and Ankerman of the default and acceleration. The Texas Property Code, however, provides that a mortgage servicer "shall serve a *debtor* in default under a deed of trust or other contract lien on real property used as the debtor's

Thus, U.S. Bank has shown that: a debt exists; the debt is secured by a lien; Defendants, Borrowers' heirs-at-law, are in default under the Loan Agreement; and it properly provided notice of the default and acceleration on the debt. Defendants' defaults serve as admissions of U.S. Bank's allegations. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Based on the uncontested record, U.S. Bank's Complaint establishes that Defendants, as heirs-at-law of Borrowers, received an interest in the Property upon the Borrowers' death, and payments have not been made under the Loan Agreement since January 12, 2016. The undersigned therefore recommends that the District Court find that U.S. Bank's allegations warrant a declaratory judgment and that, in accordance with U.S. Bank's Security Instrument and statutory probate lien, it may foreclose upon Defendants' interest in the Property at issue.[13] U.S. Bank also seeks judgment awarding it "reasonable attorney fees and costs of suit." Compl. 10; Mot. 5.

In support of its request for attorney's fees, U.S. Bank references the Loan Agreement and Texas Civil Practice and Remedies Code Section 38.001. Mot. 4–5. The Note provides:

> If Lender has required immediate payment in full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note

---

residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien . . . ." Tex. Prop. Code Ann. § 51.002(d) (emphasis added). The undersigned recommends the District Court find that U.S. Bank, through its mortgage servicer, has satisfied the notice element despite its apparent failure to directly inform Defendants Herrick, Fries, Smith, Wilson, and Ankerman of the default and acceleration. *See Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 55–56 (5th Cir. 2008) (agreeing with district court's conclusion that Texas law did not require mortgage servicer, in the event of the debtor's death, "to conduct some level of investigation to determine the legal heirs for purposes of proper notification prior to foreclosure"); *Deutsche Bank Tr. Co. Ams. for Residential Asset Mortg. Prods., Inc. v. Comstock*, Civil Action No. 3:16-CV-3210-G-BH, 2018 WL 3352992, at *9 (N.D. Tex. June 11, 2018) (finding mortgage servicer had satisfied fourth element (notice) necessary to obtain foreclosure through a power of sale by notifying the debtor, who was deceased, of the default and acceleration), *R. & R. adopted by* 2018 WL 3344374 (N.D. Tex. July 9, 2018); *cf. Fenimore v. Gonzales Cty. Sav. & Loan Ass'n*, 650 S.W.2d 213, 215 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (reversing lower court and setting aside foreclosure sales of real property where creditor failed to send notice of foreclosure sales to decedent, her estate, or estate's temporary administrator at decedent's last known address).

[13] U.S. Bank asserts that the Defendants named in this action are all of Borrowers' known heirs with an interest in the Property. Compl. 7. U.S. Bank's motion only pertains to the rights of the defaulting Defendants: Herrick, Fries, Smith, Wilson, and Ankerman. Mot. 5 (seeking relief against "Defaulting Defendants"). Thus, the undersigned recommends entry of default judgment only as to Defendants Herrick, Fries, Smith, Wilson, and Ankerman.

to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

Compl. Ex. A, at 6. Texas law permits recovery of reasonable attorney's fees in claims concerning contracts. Tex. Civ. Prac. & Rem. Code § 38.001(8). The undersigned notes, however, that U.S. Bank has not submitted any documentation enabling the Court to determine what amount of attorney's fees would be reasonable in this case. As such, the undersigned recommends that the District Court deny U.S. Bank's request for attorney's fees, primarily due to this lack of proof but also because of its numerous missteps that have unnecessarily protracted this litigation. In the alternative, it is recommended that the District Court withhold final judgment until U.S. Bank files a motion for attorney's fees supported by proper documentation.

  3. *Substitution of the proper party plaintiff to reflect the correct trust for which U.S. Bank acts should not preclude granting the Motion for Default Judgment.*

Since filing this motion, U.S. Bank sought, and the undersigned has recommended granting, substitution of the correct party plaintiff to properly reflect that U.S. Bank brought this action on behalf of the RMAC Trust, Series 2016-CTT. ECF Nos. 43, 47.

As discussed above, the uncontested allegations in U.S. Bank's Complaint, as well as the exhibits attached to its Complaint, show that it is entitled to default judgment in this matter. Further, in the event the District Court grants U.S. Bank's motion to substitute the party plaintiff, it will have necessarily found that such substitution would have no prejudicial effect on the defaulting parties. ECF No. 47, at 3–4 (recommending granting the motion to substitute because the change in party plaintiff is a mere formality). The substitution constitutes nothing more than a mechanistic procedural step ensuring U.S. Bank's compliance with Federal Rule of Procedure 17(a)(1), which requires that an action "be prosecuted in the name of the real party in interest." As noted above, the defaulting Defendants have had notice of this action since at least February

28, 2020, and thus have had a minimum of five months to defend their interests; however, they have chosen not to do so. In addition, the defaulting Defendants received notice of both U.S. Bank's motion to substitute the party plaintiff and the associated briefing (ECF No. 43, at 4; ECF No. 46, at 6), giving them further opportunity to interject their positions and oppose U.S. Bank. To date, the defaulting Defendants have done *nothing* in this action to indicate they have any intention of defending themselves against U.S. Bank's allegations. Given that the substitution of the party plaintiff is nothing more than a procedural formality that has no impact on the factual allegations giving rise to U.S. Bank's Complaint, and that the Defendants have had more than ample opportunity to enter the case and defend against U.S. Bank's allegations, the undersigned is of the opinion that substitution of the party plaintiff has no impact on this Court's ability to grant the pending Motion for Default Judgment.[14] ECF No. 40.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **GRANT** U.S. Bank's "Motion for Default Judgment as to Defendants Anita Herrick, Marie Fries, Diana Smith, David Wilson, and Darcy Ankerman." ECF No. 40. However, with respect to U.S. Bank's request for attorney's fees, the undersigned recommends that the United States District Court **DENY** the request for attorney's fees due to a lack of evidence or, alternatively, **ORDER** U.S. Bank to file a separate motion for such fees with supporting evidence.

---

[14] Further supporting this conclusion is the fact that the Fifth Circuit treats "real-party-in-interest challenges" under Rule 17 as "affirmative defense[s] that must be asserted with reasonable promptness." *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017). To the extent Defendants have grounds for challenging whether this action has been brought by the real party in interest, they would have need to affirmatively raise that issue before entry of default judgment. *See id.* at 367–68 (holding that defendants could not raise real-party-in-interest challenges on Rule 60(b)(4) motion to vacate judgment and that such defenses must be raised prior to entry of judgment); *see Dunn v. Advanced Med. Specialties, Inc.*, 556 F. App'x 785, 789–90 (5th Cir. 2014) (affirming denial of trustee's motion to vacate judgment under Rule 60(b)(4) because, even though it was the real party in interest with adequate notice of the ongoing action, it failed to raise the issue and challenge plaintiff's prosecution of the claim). Thus, even if this Court ultimately granted default judgment without substituting the correct party plaintiff, Defendants would have no grounds for asking the Court to set aside the default judgment based on a real-party-in-interest challenge.

### IV.   Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 4, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE