### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-229-M-BQ |
| | § | |
| MARTHA CHASE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is U.S. Bank National Association's "Motion to Substitute Party Plaintiff." ECF No. 43. The United States Magistrate Judge made Findings, Conclusions, and a Recommendation (FCR) regarding the motion. ECF No. 47. U.S. Bank filed a partial objection on August 5, 2020 (ECF No. 49), and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which the objection was made. Specifically, U.S. Bank objects to the finding that the District Judge vacate the Agreed Orders and require the Parties to execute new Agreed Orders because U.S. Bank named the incorrect party plaintiff in this action and the orders. U.S. Bank instead asks this Court to accept the Magistrate Judge's recommendation that the Clerk of Court be ordered to attach this Order substituting the correct party plaintiff to each of the Agreed Orders already on file. ECF Nos. 33–37.

The Court notes the Magistrate Judge made alternative recommendations concerning the proper disposition of the Agreed Orders, apparently due to U.S. Bank's failure to address the issue (as ordered by the Court) in its supplemental briefing following a status conference on this question, as well as other issues. *See* ECF No. 47, at 4–5 & n.3; ECF Nos. 44, 45. Only in its objection to the Magistrate Judge's FCR did U.S. Bank provide any specific response or

justification for how the Court should remedy a problem it created by filing suit in the incorrect party's name and submitting inaccurate Agreed Orders to the Court.  *See* ECF No. 49, at 2–3. Because U.S. Bank's requested approach comports with one of the Magistrate Judge's alternative recommendations, the objection is **OVERRULED**.

As to the most practical means available for remedying the problem, the Court agrees that substituting new Agreed Orders, which identify the proper party plaintiff, would be the best solution for avoiding any possible confusion.  However, having considered the ongoing national health crisis and its potential impact on *Defendants* in re-executing corrected Agreed Orders in front of a notary, and the Court's ability to provide a reasonable fix by attaching a copy of this Order to the Agreed Orders already on file, the Court **ADOPTS** the Magistrate Judge's alternative recommendation.

Accordingly, the Court **OVERRULES** U.S. Bank's objection (ECF No. 49) and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and **ORDERS** the Clerk of Court to attach this Order as an exhibit to each of the Agreed Orders already on file herein.  ECF Nos. 33–37.

The Court further **GRANTS** U.S. Bank's Motion to Substitute Party Plaintiff.[1]  ECF No. 43.  It is therefore **ORDERED** that U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT, is hereby substituted as party Plaintiff for U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ Pass-Through Trust IX (B).  It is further **ORDERED** that the case style be amended as follows: *U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC*

---

[1] The phrasing in U.S. Bank's motion is somewhat ambiguous (*see* ECF No. 43, at 2–3) but the Court grants the relief contemplated by Plaintiff's briefing and the Magistrate Judge's FCR.

*Trust, Series 2016-CTT v. Martha Chase, Marie Fries, Darcy Ankerman, David Wilson, Diana Smith, Anita Herrick, William Earnest Sneed, Ladonna Kay Yeager, and Saundra Sue Bloom.*

**SO ORDERED**, this 26th day of August, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE